UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROBERTO RAMIREZ-MALAGON, and others similarly- situated,

      Plaintiff,                      CASE NO.:

v.

RICKY BAKERY II, INC., a Florida corporation, and RICHARD ALVAREZ-GUERRA RIVERA, an individual,

      Defendants.
_____/

## COMPLAINT

Plaintiff, ROBERTO RAMIREZ-MALAGON ("Plaintiff" or "Ramirez"), by and through undersigned counsel, hereby sues Defendants, RICKY BAKERY II, INC. ("Ricky Bakery"), a Florida corporation, and RICHARD ALVAREZ-GUERRA RIVERA ("Alvarez"), an individual (collectively "Defendants"), and alleges:

## JURISDICTION AND PARTIES

1. This is an action to recover unpaid overtime. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) (the "FLSA").

2. Venue is proper in the Southern District of Florida because all the facts giving rise to this cause of action took in place in Miami-Dade County, Florida.

3. Plaintiff Ramirez is a resident of Miami-Dade County, Florida, within the jurisdiction of this Court.

4. Defendant Ricky Bakery is a Florida corporation, which at all times material hereto, was doing business within the jurisdiction of the District Court for the Southern District of Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant Alvarez is a resident of Miami-Dade County, Florida. Alvarez was or now is an owner/officer and/or director of Ricky Bakery. Alvarez, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over Ricky Bakery and is directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. Moreover, he controlled the purse strings for Ricky Bakery and had operational control.

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendants, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets its services and/or goods and/or materials to customers throughout the United States and also provides its services for goods sold and transported across state lines of numerous other states, and Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

7. By reason of the foregoing, Defendants have, during all times hereafter mentioned, maintained an enterprise engaged in commerce or in the production of goods for commerce as

defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff was within interstate commerce.

8. All conditions precedent to the bringing of this action or same have been waived or excused.

9. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## COUNT I
## UNPAID OVERTIME WAGES[1]

10. Ramirez re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Defendants employed Ramirez from approximately June 2019 through December 9, 2019.

12. Approximately between June 2019 through September 2019, Ramirez was paid $9.00 per hour.

13. During the time period approximately between June 2019 through September 2019, Ramirez did not work overtime.

14. Approximately between September 1, 2019 through December 9, 2019, Ramirez was paid $9.00 per hour.

---

[1] Plaintiff's damages are calculated as a matter of inference. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946). Plaintiff reserves the right to modify his calculations after discovery is taken and payroll information is received from Defendant. Plaintiff will not be able to accurately calculate his hours week by week until such time as when he reviews Defendant' payroll records and discovery is taken.

15. During the time period approximately between September 1, 2019 through October 15, 2019, Ramirez routinely worked in excess of forty (40) hours per week. Specifically, Ramirez worked upwards of sixty-five (65) hours per week.

16. During the time period approximately between September 1, 2019 through October 15, 2019, Ramirez was not paid overtime for the hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

17. During the time period approximately between October 15, 2019 through December 9, 2019, Ramirez's salary was capped at $500.00 per week. For instance, if Ramirez earned less than $500.00 in the week, he would only be paid the amount earned ($9.00 x # hours). However, if Ramirez earned more than $500.00 in the week, then Ramirez would only be paid $500.00.

18. During the time period approximately between October 15, 2019 through December 9, 2019, Ramirez routinely worked in excess of forty (40) hours per week. Specifically, Ramirez worked upwards of sixty-five (65) hours per week.

19. During the time period approximately between October 15, 2019 through December 9, 2019, Ramirez was not paid overtime for the hours worked in excess of forty (40) hours per week, as required by the Fair Labor Standards Act. The failure to pay these overtime hours resulted in an overtime violation.

20. Defendants remain owing Plaintiff these overtime wages as set forth above. Plaintiff is entitled to recover double damages.

21. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked

in excess of the maximum hours provided by the FLSA, but no provision was made by Defendants to properly pay him at the rate of time-and-a-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

22. Defendants intentionally failed to pay Plaintiff overtime wages and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages, as required by the Fair Labor Standards Act. Defendants failed to keep accurate time records in order to hide overtime violations. Defendants also failed to keep payroll records in order to hide the overtime violations. Defendants had knowledge of Plaintiff's work schedule and the amount of hours Plaintiff worked in excess of forty per week. Plaintiff complained about the lack of overtime pay and Defendants knew or should have known of the work performed by the Plaintiff and of its obligation to pay overtime wages to Plaintiff.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Ricky Bakery, jointly and severally with Alvarez, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Ricky Bakery and Alvarez, jointly and severally, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## INDIVIDUAL LIABILITY OF RICHARD ALVAREZ-GUERRA RIVERA

23. Ramirez adopts and re-alleges paragraphs 1 through 22 as it fully sets forth herein.

24. The individual Defendant, Alvarez, is an FLSA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over Ricky Bakery and additionally was directly involved

in decisions affecting employee compensation and hours worked by employees, such as Plaintiff. Alvarez also controlled the purse strings of Ricky Bakery.

25. As an FLSA employer, Alvarez is jointly and severally liable to Plaintiff, together with Ricky Bakery.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from Alvarez, jointly and severally with Ricky Bakery, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

Respectfully Submitted,

**LAW OFFICES OF CHRISTOPHER F. ZACARIAS, P.A.**
*Counsel for Plaintiff*
5757 Blue Lagoon Drive, Suite 230
Miami, Florida 33126
Tel.: (305) 403-2000
Fax: (305) 459-3964

By: /s/ Christopher F. Zacarias
    Christopher F. Zacarias, Esq.
    Florida Bar No. 85609
    czacarias@zacariaslaw.com
    pleadings@zacariaslaw.com
    Rosendo A. Forns, Esq.
    Florida Bar No. 125391
    rosendo@zacariaslaw.com